IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC COLEMAN, #306-712,<br>        Petitioner | * |
| v. | *<br>CIVIL ACTION NO.   AMD-06-1960 |
| RODERICK SOWERS  and<br>THE ATTORNEY GENERAL OF THE<br> STATE OF MARYLAND,<br>        Respondents | *<br>*<br>* |

******

MEMORANDUM

On July 31, 2006, petitioner Eric Coleman filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions entered in 2002 by the Circuit Court for Baltimore County, Maryland. Paper No. 1. On October 10, 2006, respondents filed an answer to petitioner's application for habeas relief, which solely addressed the timeliness of petitioner's application. Paper No. 6. Pursuant to this court's order of October 20, 2006, petitioner was granted 20 days to file a reply showing that his petition was filed within the proper time frame or explaining why the petition should not be dismissed as untimely. Paper No. 7.  Petitioner has filed a response. Paper No. 8.

Petitioner was convicted, after a jury trial, of two counts of robbery with a dangerous and deadly weapon, first degree assault, and related handgun offenses on December 13, 2001. Paper No. 7, Ex. 1. He was sentenced on February 13, 2002, to two 20-year concurrent terms of incarceration for the armed robbery offenses, a concurrent ten-year term of incarceration for first degree assault, and a ten-year consecutive term of incarceration, the first five years to be served without the possibility of parole, for the handgun offense. *Id.*  Petitioner sought direct appellate review. *Id.*  His convictions were affirmed on January 30, 2003. *Id.*, Ex. 2. His timely-filed petition for writ of certiorari was denied by the Court of Appeals of Maryland on June 13, 2003. *Id.*, Ex. 3.

On November 21, 2003, petitioner filed a collateral attack on his convictions pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. As a result of that petition, petitioner was awarded the right to file a belated motion for modification of sentence. In all other respects the petition was denied. *Id*. An application for leave to appeal the denial of post-conviction relief was denied in an unreported decision on May 9, 2005. *Id.,* Ex. 6. The appellate court's mandate issued on June 8, 2005. *Id.*

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for person convicted in a state court. 28 U.S.C. § 2244(d).[1]  This one year period is, however, tolled while properly filed post-conviction proceedings

---

[1]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2);. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions became final on September 11, 2003. Petitioner had no post-conviction or other proceedings pending which would have served to toll the one-year limitation period from September 11, 2003 to November 12, 2003, (the date he instituted collateral review of his convictions), a period of two months. Additionally, he had no proceedings pending which would have tolled the limitations period from the denial of his application for leave to appeal the denial of post-conviction relief entered on June 8, 2005, to the institution of the instant case on July 26, 2006,[2] a period in excess of one year. *See* 28 U.S.C. § 2244(d)(2).

Petitioner contends that this court should consider the merits of his petition because, after exhausting his available state court remedies, he was unaware that he could file for federal review. Paper No. 7. To the extent that this argument is construed as arguing in favor of equitable tolling, his argument fails.

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, such as the one-year limitations period set out in AEDPA. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *Id.* at 330, quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, the doctrine of equitable tolling has been applied in two types of situations: either where the defendant's acts prevent the plaintiff from asserting the claim, or where extraordinary circumstances beyond the plaintiff's control prevent plaintiff from

---

[2] The instant petition was received by the Clerk on July 31, 2006. The petition is dated July 26, 2006. For purposes of assessing the timeliness of the petition, the petition is deemed to have been filed on the date petitioner signed it. *See United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of prison mail-box rule to petition filed pursuant to 28 U.S.C. § 2255).

filing a timely claim. *Id*., quoting, *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996). Petitioner's basis for seeking equitable tolling, his lack of knowledge of the law, is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable toling where the delay in filing was the result of plaintiff's unfamiliarity with the legal process or his lack of legal representation). Therefore, the petition shall be dismissed as time-barred. A separate Order follows.

Filed: January 10, 2006                                         _/s/_____
                                                                  Andre M. Davis
                                                                  United States District Judge